UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-959-JST (MLGx)                                              Date:  July 22, 2011
Title:  Household Finance Corporation of California v. Aster G Belay et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|  Ellen Matheson  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                               Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2011 00456828**

Plaintiff Household Finance Corporation of California ("Household Finance") filed this unlawful detainer action in Orange County Superior Court on March 31, 2011, Case Number 30-2011 00456828.  On June 24, 2011, Defendant Aster G Belay removed this action on the bases of diversity jurisdiction, 28 U.S.C. § 1332, and civil rights jurisdiction, 28 U.S.C. § 1443.  (Doc. 1.)

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Here, Defendant has not established that federal subject matter jurisdiction exists.  As to diversity jurisdiction, Plaintiff's complaint states the amount in controversy is less than $10,000 (Doc. 1, Compl.), and Defendant provides no evidence that the amount in controversy exceeds

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-959-JST (MLGx)                                            Date:  July 22, 2011
Title:  Household Finance Corporation of California v. Aster G Belay et al.

$75,000.  Thus, Defendant "has not borne the burden on removal of proving that the amount in controversy requirement is satisfied."  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).  Defendant likewise fails to show that removal under section 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [his] federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); see *Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Moreover, because this is an unlawful detainer action, a federal question does not present itself.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. EDCV 09-1660, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

      For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court.

Initials of Preparer:  enm